IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LETHANIEL CHAMPION, JR.                                                                    PLAINTIFF

vs.                                             Civil No. 1:19-cv-01045

COMMISSIONER, SOCIAL                                                                       DEFENDANT
SECURITY ADMINISTRATON

## MEMORANDUM OPINION

Lethaniel Champion, Jr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 11.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.   Background:**

Plaintiff protectively filed his disability applications on May 25, 2016. (Tr. 15). In these applications, Plaintiff alleges being disabled due to a mood disorder and psychosis, bipolar disorder, and a mental impairment. (Tr. 257). Plaintiff alleges an onset date of April 22, 2016. (Tr. 15). These applications were denied initially and upon reconsideration. (Tr. 71-151).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 13. These references are to the page number of the transcript itself not the ECF page number.

After Plaintiff's application was denied, Plaintiff requested an administrative hearing on these applications, and this hearing request was granted. (Tr. 32-70). This hearing was held in Alexandria, Louisiana on July 11, 2018. *Id.* Plaintiff and Vocational Expert ("VE") Tom Mongol testified at this hearing. *Id.*

After this hearing, on December 6, 2018, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 12-31). The ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2018. (Tr. 17, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 22, 2016, his alleged onset date. (Tr. 17, Finding 2). The ALJ found Plaintiff had the following severe impairments: bipolar disorder, borderline intellectual functioning, and schizophrenia. (Tr. 17-18, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18-20, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 20-25, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After carful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to unskilled work as defined in the *Dictionary of Occupational Titles* (DOT) with occasional interaction with coworkers, supervisors and the general public. The claimant is limited to work that has few, if any changes, in the work process.

*Id.*

The ALJ evaluated his Past Relevant Work ("PRW") and found Plaintiff retained the capacity to perform his PRW as a store laborer (medium, unskilled) and truck driver helper (heavy,

unskilled).  (Tr. 25, Finding 6).  Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from April 22, 2016 through the date of the ALJ's decision or through December 6, 2018.  (Tr. 25, Finding 7).

Plaintiff sought the Appeals Council's review of this unfavorable disability determination.  (Tr. 1-6).  The Appeals Council denied that request for review.  *Id.*  On October 15, 2019, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on October 28, 2019.  ECF No. 11.  This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox*

3

*v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 17. Specifically, Plaintiff alleges two bases for reversal: (A) the ALJ failed to properly evaluate the "paragraph C criteria"; and (B) the ALJ failed

to properly consider his need for excessive absences. *Id.* at 1-8. The Court will address both of these arguments.

### A. Paragraph C Criteria

Plaintiff argues the ALJ failed to properly evaluate the severity of his mental illnesses under the "paragraph C criteria." ECF No. 17 at 3-6. The "paragraph C criteria" is applied for more extreme mental illnesses. Under the listings the ALJ considered, it requires a "serious and persistent" impairment with a "medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both: 1. Medical treatment . . . 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c)."

In her opinion, the ALJ recognized the following regarding the paragraph C criteria: "The undersigned has also considered whether the 'paragraph C' criteria are satisfied. In this case, the evidence fails to establish the presence of the 'paragraph C' criteria." (Tr. 20). Upon review of this finding and Plaintiff's records in this case, the Court finds no basis for reversal on this issue. The standard for Paragraph C is a high standard, and the ALJ did not err in finding Plaintiff's mental impairments did not meet this standard.

### B. Excessive Absences

Plaintiff claims the ALJ failed to consider his need for frequent absences. ECF No. 17 at 6-7. Although Plaintiff does not specify *how* frequent he would be absent or how significantly the ALJ erred on this issue, he does claim that he needs "1-2 hours per week" of individual therapy. *Id.* Certainly, this level of absences does not establish he is disabled *per se*. Thus, without more, the Court cannot find that the ALJ's alleged failure to consider this need for frequent absences is reversible error.

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds no basis for reversing the decision of the ALJ. As such, it is affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of November 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE